IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Clarence T. Fox, Jr., | Case No. 8:12-cv-00421-MGL-JDA |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | **OF MAGISTRATE JUDGE** |
| Warden Darlene Drew, Carl Dozier, Luis Berrios, Linda McDannold, and Dawn Allender, | |
| Defendants. | |

This matter is before the Court on a motion to dismiss or, in the alternative, for summary judgment [Doc. 45] filed by Defendants. Plaintiff, a federal prisoner proceeding pro se, brought this action alleging Defendants have been deliberately indifferent to Plaintiff's serious medical needs. [Doc. 1.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in civil cases filed by federal prisoners and to submit findings and recommendations to the District Court.

## BACKGROUND

Defendants filed the present motion to dismiss or, in the alternative, for summary judgment, on July 9, 2012. [Doc. 45.] Subsequently, Plaintiff amended his complaint twice [Docs. 76, 92] without opposition from Defendants, and Defendants filed a motion to dismiss Plaintiff's amended and second amended complaint or, in the alternative, for summary judgment [Doc. 90].

## **DISCUSSION**

An amended pleading supersedes the original pleading. *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160, 162 (2d Cir. 2000))); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2011) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As a result, motions directed at the superseded pleading generally are to be denied as moot. *See, e.g.*, *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, No. 3:10-cv-418, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (citations omitted) (denying as moot the defendants' motions to dismiss because the second amended complaint rendered moot the defendants' pending motions to dismiss, which were related to the superseded complaint); *McCoy v. City of Columbia*, No. 3-10-132, 2010 WL 3447476, at *1–2 (D.S.C. Aug. 31, 2010) (adopting the magistrate judge's report and recommendation to the extent it recommended that the motion to dismiss be found as moot because the amended complaint superseded the original complaint and rendered any attack upon it moot); *Rowley v. City of N. Myrtle Beach*, Nos. 4:06-1873, 4:07-1636, 2009 WL 750406, at *2–3 (D.S.C. Mar. 16, 2009) (finding as moot the defendants' motion to file answer out of time and the plaintiff's motion for default judgment based on the defendants' failure to timely answer the original complaint because "[t]he original complaint was, in a sense, amended

2

out of existence" (quoting *Thomas v. Se. Pa. Transp. Auth.*, No. 88-7846, 1989 WL 11222, at *1 (E.D. Pa. Feb. 9, 1989))). However, "if some of the defects raised in the original motion remain in the new pleading, the court simply *may* consider the motion as being addressed to the amended pleading [because to] hold otherwise would be to exalt form over substance." Wright et al., *supra*, § 1476 (emphasis added).

Here, Plaintiff has filed an amended complaint and second amended complaint. [Docs. 76, 92.] Defendants did not oppose these amended pleadings and, in response, filed a motion to dismiss the amended and second amended complaint or, in the alternative, for summary judgment. [Doc. 90.] Accordingly, the Court recommends finding as moot Defendants' initial motion to dismiss [Doc. 45], which is directed at the original complaint, because the original complaint was superseded by Plaintiff's amended complaint and second amended complaint.[*]

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendants' motion to dismiss or, in the alternative, for summary judgment [Doc. 45] be FOUND AS MOOT.

IT IS SO RECOMMENDED.

                                    s/Jacquelyn D. Austin
                                    United States Magistrate Judge

December 5, 2012
Greenville, South Carolina

---

[*] The subsequently filed motion to dismiss the amended and second amended complaint or, in the alternative, for summary judgment [Doc. 90], which is substantially similar to and raises the same arguments as those raised in the initial motion, may be addressed in a later-filed Report and Recommendation.