IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence T. Fox, Jr., ) | Civil Action No.: 8:12-421-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Darlene Drew;  Carl Dozier, Trust ) | |
| Fund Supervisor;  Luis Berrios, Clinical ) | |
| Director;   Linda  McDannold,  Health ) | |
| Services Administrator₁; Dawn Allender, ) | |
| Material  Handler Supervisor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for a review of Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636 and Local Rule 73.02(B)(2) D.S.C. (ECF No. 43.)  Plaintiff Clarence T. Fox, Jr. ("Plaintiff"), proceeding pro se, brought this action on February 16, 2012 pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) alleging violations of his constitutional rights by the prison employees named in the complaint.  (ECF No. 1.)  Defendants filed a Motion to Dismiss or, in the alternative, for summary judgment on July 9, 2012.  (ECF No. 45.) Plaintiff filed an amended complaint on August 21, 2012 (ECF No. 76), and a Second Amended Complaint on October 12, 2012.  (ECF No. 92.)  Upon the Magistrate Judge's recommendation, this court found Defendants' initial motion to dismiss, or in the alternative, for summary judgment, to be moot based on the filing of the amended complaints. (ECF No. 111.)

1

Defendants filed a motion to dismiss Plaintiff's amended complaint, or in the alternative, for summary judgment on October 11, 2012. (ECF No. 90.) Plaintiff filed a "cross-motion" for summary judgment on November 16, 2012. (ECF No. 98.) The Magistrate Judge recommends that Defendants' motion for summary judgment be granted and that Plaintiff's cross-motion for summary judgment be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation ("Report") sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them and summarizes below in relevant part. Plaintiff is an inmate at the Bennettsville Federal Correctional Institution ("BFCI"). Plaintiff complains that certain medical and non-medical prison officials refused to provide him with medical treatment in the form of boots with a moderate arch support because he has no arch in his left foot. (ECF No. 92 at 2.) Plaintiff also alleges that certain non-medical prison officials have restricted him from purchasing the necessary footwear at his own expense and that medical prison officials have mandated that he satisfy his treatment needs at his own expense. (ECF No. 92 at 2-3.) Plaintiff contends that these actions by Defendants constitutes denial of proper medical care which amounts to deliberate indifference to a serious medical need entitling him to compensatory and punitive damages. (ECF No. 92.)

## REPORT AND RECOMMENDATION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

The Magistrate Judge noted as an initial matter that *Bivens* claims for damages are not actionable against the United States, federal agencies, or public officials acting in their official capacities. (ECF No. 115 at 9.) Accordingly, the Magistrate Judge considered Plaintiff's claims for equitable relief and Plaintiff's damages claims to the extent asserted as claims against Defendants in their individual capacities. (ECF No. 115 at 9.) The Magistrate Judge determined that Defendant Linda McDannold, Health Services Administrator, is entitled to absolute immunity under the terms of the Public Health Service Act, 42 U.S.C. § 233(a). (ECF No. 115 at 10.) The Magistrate Judge also determined that Plaintiff failed to establish a genuine issue of material fact remaining as to whether Defendants acted with a sufficiently culpable state of mind necessary to prevail on a deliberate indifference to medical needs claim. (ECF No. 115 at 12.) The Magistrate Judge noted that the evidence reflects that Defendants adequately addressed Plaintiff's medical needs for a shoe with moderate arch support (athletic shoes available from the commissary) as the Constitution does not mandate that a prisoner receive the medical treatment of his choice. (ECF No. 115 at 13.)

The Magistrate Judge also determined that to the extent Plaintiff attempts to raise a claim of medical indifference against any non-medical personnel, those claims must fail as Plaintiff has made no showing that any non-medical personnel defendant engaged in the type of conduct required by the controlling case law to establish a

3

medical claim of deliberate indifference. (ECF No. 115 at 13.) In her order, the Magistrate Judge also found that Plaintiff failed to state a claim under a theory of supervisory liability against Defendant Warden Darlene Drew (ECF No. 115 at 15) and qualified immunity protects Defendants—government officials performing discretionary functions—from civil damage suits based on the facts presented in this case. (ECF No. 115 at 15-17.) Accordingly, the Magistrate Judge recommends Defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 90) be granted and that Plaintiff's cross-motion for summary judgment be denied. (ECF No. 115 at 17.)

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and of the serious consequences if they failed to do so. (ECF No. 115-1.) Plaintiff filed objections to the Report on August 14, 2013 which the court considered fully as outlined below. (ECF No. 123.)

## ANALYSIS/DISCUSSION

Plaintiff raises several objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff objects to the Magistrate Judge's overall finding on his deliberate indifference to medical treatment claim and argues that he has demonstrated that Defendant Luis Berrios, Clinical Director, acted with a sufficiently culpable state of mind. (ECF No. 123 at 4.) Plaintiff claims that Defendant Berrios was responsible for bearing the costs of the medical treatment and that it was not Plaintiff's duty to request a soft shoe pass to allow him to wear the athletic shoes available for purchase in the commissary. (ECF No. 123 at 3-4.) Plaintiff admits that Defendants Berrios identified footwear in the institution's commissary that would satisfy his medical needs. (ECF No. 123 at 3.) As the Magistrate Judge noted, Plaintiff had purchased shoes that satisfied

4

his medical condition at his own expense for several years.  Further, Plaintiff does not allege that he requested certain footwear from medical staff and that request was denied with deliberate indifference to a serious risk of harm.  Finally, none of Plaintiff's claims in his objections address the primary issue noted by the Magistrate Judge—Plaintiff's failure to establish a genuine issue of material fact as to whether Defendants acted with a sufficiently culpable state of mind.  Thus, even if there is some dispute between the parties as to whether Plaintiff had requested a soft shoe pass and whether any pass he may have been issued actually allowed him to wear the shoes identified for him to wear for medical reasons, Plaintiff has not be able to create a genuine issue of fact concerning a central element of his deliberate indifference claim.  Accordingly, contrary to Plaintiff's objection (ECF No. 123 at 4), summary judgment is warranted as to Defendant Berrios on Plaintiff's deliberate indifference claim.

Next, Plaintiff objects to the Magistrate Judge's findings as it relates to the non-medical defendants.  Plaintiff claims that Defendants Carl Dozier and Dawn Allender previously allowed him to purchase boots with moderate arch support to satisfy his medical treatment and subsequently refused to allow him to order boots.  (ECF No.123 at 4.)  Plaintiff contends, as outlined in his cross-motion for summary judgment and his response to defendants' motion for summary judgment, that this type of conduct constitutes deliberate indifference on the part of non-medical prison staff.  (ECF No. 123 at 4.)  The court does not agree.  Defendants Dozier, Allender, and any other non-medical defendants in this action were entitled to rely on the medical judgments and advice of the prison medical staff. *See Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990).  As noted above, Defendant Berrios identified athletic footwear in the institution's

5

commissary that would satisfy Plaintiff's medical condition but Plaintiff declined to purchase them. At best, the evidence supports an inference that other shoes might have been more desirable to Plaintiff but the Constitution does not guarantee to a prisoner the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988).

Plaintiff also makes an objection based on "supervisory liability," further claiming that the Magistrate Judge's findings are without merit and contrary to law. (ECF No. 123 at 5.) Plaintiff then admits that Defendant Drew can only be sued based on her own personal conduct and alleges that his allegations against Defendant Drew are based on her own independent conduct. (ECF No. 123 at 5.) In his objections, however, Plaintiff does not draw the court's attention to any allegations against Defendant Drew that actually demonstrate that Defendant Drew acted with deliberate indifference with respect to Plaintiff's medical needs. In her consideration of the theory of supervisory liability as it relates to claims brought against Defendant Drew, the Magistrate Judge particularly noted that Plaintiff failed to show that Defendant Drew acted with deliberate indifference even before she analyzed any claim based on Defendant Drew's conduct as a supervisor. (ECF No. 115 at 14-15.) Plaintiff has not stated anything that would cause this court to question the well-reasoned analysis of the Magistrate Judge on this point. Therefore, this objection is also without merit.

Plaintiff's fourth objection is a general disagreement with the Magistrate Judge's finding that he has not established that Defendants violated his clearly established rights under the Constitution. (ECF No. 123 at 5.) Plaintiff otherwise agrees with the Magistrate Judge's statement of the law on qualified immunity. As Plaintiff fails to point to any specific error in the Magistrate Judge's conclusion, the court again finds no

reason to deviate from the well-reasoned analysis of the Magistrate Judge. Qualified immunity can be established, and is in fact, specifically encouraged, at the summary judgment stage when there is no genuine issue of material fact, and when the undisputed facts establish that the defendant is entitled to judgment as a matter of law. *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir.1992). The court finds no error in the Magistrate Judge's statement or application of the law on qualified immunity and further finds that Plaintiff fails to demonstrate how Defendants violated his constitutional rights.

Next, Plaintiff asserts that Defendants' second motion for summary judgment is barred under the law of the case doctrine and that it should be ruled as moot based on the court's ruling on Defendants' first motion for summary judgment. (ECF No. 123 at 7.) The court found Defendants' initial motion to be moot because it was directed at the original complaint which was superseded by Plaintiff's amended complaints. Accordingly, Defendants' motion to dismiss, or, in the alternative, for summary judgment was not decided on the merits. The law of the case doctrine has no applicability here and does not preclude the filing of a motion concerning the amended complaint(s) nor did the court's order make such a ruling.

Finally, Plaintiff objects to the Magistrate Judge's treatment of his cross-motion for summary judgment. (ECF No. 123 at 7.) Although not discussed in great detail in the Magistrate Judge's Report, it is evident that the Magistrate Judge considered the arguments in Fox's cross-motion for summary judgment. The cross-motion for summary judgment is in essence a response in opposition to Defendants' motion for summary judgment and either asserts reasons why Plaintiff is entitled to judgment as a matter of law on his claims or that he has demonstrated a genuine issue of material fact

on the claims. Accordingly, in analyzing, reviewing, and setting forth reasons why Defendants are entitled to judgment as a matter of law, the court has necessarily considered and rejected the rationale set forth in Plaintiff's cross-motion for summary judgment. For all of the reasons set forth in this order and the Magistrate Judge's order, Plaintiff is not entitled to judgment as a matter of law.

## CONCLUSION

After a thorough review of the Magistrate Judge's Report, the objections, and the record in this case, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference to the extent it is consistent with this order. The court hereby grants Defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 90), and denies Plaintiff's cross-motion for summary judgment. (ECF No. 98.)

IT IS SO ORDERED.

<u>s/Mary G. Lewis</u>
United States District Judge

Spartanburg, South Carolina
September 4, 2013